IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **JENNIFER AMBROSE,** §<br>     *Plaintiff,* §<br> §<br>**vs.** §<br> §     Case No. _____<br>**SIDNEY BLEDSOE AND CLC TRANSIT** §<br>**CO., LLC,** §<br>     *Defendants.* § | |

## NOTICE OF REMOVAL

Defendants Sidney Bledsoe and CLC Transit Co., LLC (hereinafter "Removing Defendants"), by and through their undersigned counsel, files this Notice of Removal, removing the above action from the 160th Civil District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas. Removal is based upon diversity of citizenship and amount in controversy.

### I.   STATEMENT OF REMOVAL

1. The above captioned Plaintiff filed this civil action on May 3, 2022 in State Court (the "State Case").[1] A true and correct copy of the State Court petition filed by the Plaintiff is included within the attached Exhibit A.

2. Plaintiff served Removing Defendants with the State Case Petition on May 19, 2022.

3. Removal is timely under 28 U.S.C. 1446(b), which provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for

---

[1] Plaintiff previously filed this suit in Hopkins County, a venue with no connection to the dispute. That case was non-suited and this case was filed in its place. Undersigned counsel accepted service on Removing Defendants' behalf.

relief upon which such action or proceeding is based . . . ." Removing Defendants filed this Notice of Removal within 30 days of when the petition was served and therefore removal is timely.[2]

4. Removal to this Court is proper because the State Court is located within the geographic reach of the United States District Court for the Northern District of Texas.[3]

5. As required by 28 U.S.C. section 1446(a) and Local Rule LR-81.1, true and correct copies of all process, pleadings, and orders served upon Removing Defendants, as well as the docket sheet, an index of matters being filed, and a list of all counsel of record, including addresses, telephone numbers and parties represented are attached hereto. Specifically, the following State Case documents are attached: (1) the State Court petition and (2) all process, pleadings, and orders that have been served upon Removing Defendant. Exhibit A.

6. After filing this Notice of Removal, Removing Defendants will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Clerk of the State Court in accordance with 28 U.S.C. § 1446(d).

## II.    AMOUNT IN CONTROVERSY

7. Pursuant to 28 U.S.C. § 1441(a), removal of an action originally brought in state court is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

8. Further, 28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive or interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

---

[2] *See* Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347–48 (1999).
[3] *See* 28 U.S.C § 1441(a).

9. This case involves a claim in excess of $75,000, exclusive of interests and costs, arises between citizens of different states, and lies within the original subject matter jurisdiction of this Court. *See* 28 U.S.C. § 1332(a). Plaintiff alleges damages in excess of $250,000. Plaintiff's Original Petition, Exhibit A, Petition, at ¶ 2. Such damages are in excess of the $75,000 threshold necessary for removal in a diversity of citizenship case.

10. In removing this case to this Court, Removing Defendants do not admit any allegations and do not waive any defenses to Plaintiff's claims.

### III.   DIVERSITY OF CITIZENSHIP

11. In addition to meeting the amount in controversy threshold provided by 28 U.S.C. § 1332(A), the statute requires the parties to meet diversity jurisdiction by being "citizens of different States."

12. As alleged in Plaintiff's Petition, Plaintiff is and was a resident of Dallas County, Texas.

13. At all relevant times, and at the time of removal, Removing Defendant Bledsoe was a resident of Caddo Parish, Louisiana.

14. At all relevant times, including when the Petition was served, Removing Defendant CLC Transit Co., LLC was a resident of Louisiana. The citizenship of an LLC is determined not by the state of registration but by the citizenship of its members.[4] CLC Transit Co., LLC's is a single member LLC and its sole member, Corey Clay, is and has been at all times pertinent a resident of Caddo Parish, Louisiana. Thus, CLC Transit Co., LLC is a citizen of Louisiana.

15. Removal of this case is proper under 28 U.S.C. § 1441 and 28 U.S.C. § 1332, because complete diversity of citizenship exists between the Plaintiff and the Removing

---

[4] Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir 2008).

Defendants. Additionally, the amount in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of costs and interests.

## IV.     SERVICE OF NOTICE ON PLAINTIFF AND STATE COURT

16.     Removing Defendants will promptly file a written notice of this Notice of Removal's filing with the Dallas County, Texas Civil District Court after filing this Notice of Removal, and will serve the Notice upon Plaintiff pursuant to 28 U.S.C. 1446(d).

17.     Removing Defendants have sought no similar relief with respect to this matter.

18.     In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" served in the state court action are attached hereto as Exhibit A.

WHEREFORE, Sidney Bledsoe and CLC Transit Co., LLC respectfully request that the above-captioned case now be removed to the United States District Court of the Northern District of Texas.

Respectfully Submitted,

_____
BRENDAN P. DOHERTY
Texas Bar No. 24075923
Email: bdoherty@glllaw.com
KIMBERLY FOJTIK
Texas Bar No. 24119695
Email: kfojtik@glllaw.com
**GIEGER, LABORDE & LAPEROUSE, L.L.C.**
5151 San Felipe, Suite 750
Houston, Texas 77056
Telephone: (832) 255-6000
Facsimile: (832) 255-6001

## **CERTIFICATE OF SERVICE**

    I do hereby certify that a true and correct copy of the foregoing has been served to all counsel of record via the Court's electronic case management system on this 23rd day of May, 2022.

                                                                             _____
                                                                             Brendan P. Doherty